## John G. Myers *v.* Mathis Will.

A suit cannot be maintained by one partner against another for a portion of specific funds, before there is a settlement of the partnership.

APPEAL from the District Court of Jefferson, *Clarke* J. *A. Marks*, for plaintiff, *Michel* and *Burns* for defendant. The judgment of the court was pronounced by

PRESTON, J. The plaintiff and defendant were in partnership in a coffee house in the city of Lafayette, known as the Court Exchange. They had a lease of the ground for a term, on which they had erected the buildings of the coffee house.

On the 23d of January 1849, the plaintiff sold his interest to the defendant for $1800, the receipt of which was acknowledged. The sale contained this clause: "Finally it is agreed between the parties, that an equal division of the funds on hand belonging to the business and partnership shall be made, and that the debts due to the said concern shall also be collected and divided in like manner."

The plaintiff alleges that there was on hand, at the dissolution of the partnership, funds to the amount of $419 80; that the defendant had since collected a

further sum of $199 10; for the half of which sums, amounting to $309 90, he brings suit.

The district court was of opinion, from the evidence, that there were funds to the amount of $319 on hand at the dissolution of the partnership, and gave judgment against the defendant for half that amount; from which he has appealed.

To the plaintiff's petition an exception was filed by the defendant, that he could only be called upon to render an account of the liquidation of the partnership even if he was the liquidator. The act of dissolution annexed to the plaintiff's petition leaves no doubt on our minds that the defendant was to be the liquidator of the partnership. And that it was not fully liquidated at the dissolution is conclusively shown by the following clause in the act of dissolution. "Before signing it is further stipulated that all the debts of the partnership shall be paid out of the funds thereof on hand, before any division thereof be made." Under repeated decisions of our Supreme Court, a suit cannot be maintained by a partner for the half of particular items of the partnership funds. 10 M. R. 433. 3 L. R. 136. 2 L. R. 451. 13 L. R. 415. 8 N.S. 280.

Justice requires that the cause be remanded; that the pleadings should be amended; that the defendant should render a full and complete account of all funds on hand at the dissolution of the partnership; of all accounts collected since, and of all partnership debts paid by him; also of any sums paid to his partner; and that the remaining funds and assets should be divided.

The judgment is reversed at the costs of the plaintiff; the cause remanded for further proceedings; the costs of the district court to abide the final decision of the case.